STATE EX REL. O'RIORDAN *v.* STATE OF INDIANA ET AL.

[No. 0-784. Filed October 11, 1965.]

*Louis F. O'Riordan, pro se.*

*John J. Dillon,* Attorney General, for defendants-appellees.

PER CURIAM.—This is a case erroneously filed in the Appellate Court by a prisoner at the State Prison, Michigan City, Indiana. The Appellate Court transferred it to this Court for lack of jurisdiction.

It appears that the petitioner, confined in the State Prison, was convicted on March 23, 1963 by a jury in the Vigo Circuit Court on a charge of False Pretense, and sentenced for a term of one to seven years. The files before us show that he has had frequent brushes and involvements with the criminal law, at least since as far back as 1950, in Florida, Texas, Kansas, Missouri, Illinois and Indiana.

The record shows he has made numerous applications to various officials to be paroled and released. The Public Defender has indicated he finds no merit in the petition.

We have gone through all the papers with reference to this application, and find also no merit in the petitioner's application.

The papers consist of a conglomeration of allegations, copies of letters between the prisoner and various state officials, many of them without any

relevancy. We have before us what is designated "Verified Petition for Issuance and Service of Summons and Complaint." We know of no such procedure in this Court. He also files a paper directed to the Chief Justice of the Appellate Court which he calls an "Appeal" or in the alternative an "Original Action." It contains a miscellaneous recital of correspondence with the judge of the trial court, with the Public Defender and with the Clerk of the Marion Circuit Court and ends up with a prayer that the Court deem this an Appeal or an Original Action. Then follows what is designated a "Brief."

All of these miscellaneous papers reveal that he has attempted to file some sort of action in the Marion Superior Court, asking that the members of the Indiana Parole Board be removed by the Governor of this State because they refuse to parole him. However, there are no certified copies of papers upon which we can base any understanding from a legal point of view.

There is, in fact, nothing before us that meets any requirement of an Original Action or an Appeal. It appears to us that this action is simply one of harassment by the prisoner of various public officials, including the Governor of this State.

We find nothing of merit for consideration, and the application is dismissed.

NOTE.—Reported in 210 N. E. 2d 425.